IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MWANGI SIMON CHEGE**

     **Petitioner,**

vs.                                                   Cause No. 1:10-cv-225 MV/DJS

**RAY TERRY, Warden, Otero County Processing Center,**

     **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 10], entered April 28, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. For the reasons stated below, the Court recommends that Respondent's *Motion to Dismiss without Prejudice* [Doc. 7], filed March 16, 2010, be denied.

**I.**     **BACKGROUND**

Mr. Chege, who is proceeding *pro se* and *in forma pauperis*, filed a *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 3] on March 10, 2010. The Petition alleges he is a native and citizen of Kenya, and that he is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chaparral, New Mexico. [Id., ¶¶ 1, 6.]

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

According to the Petition, Mr. Chege has been in ICE custody continuously since November 6, 2008. [Id., ¶ 6.] The Petition further alleges that an Immigration Judge ordered Mr. Chege removed on May 19, 2009, that he appealed the order to the Board of Immigration Appeals ("BIA"), and that the BIA vacated the removal order and remanded the matter to the Immigration Judge on September 24, 2009. [Id., ¶¶ 11, 12.] According to Mr. Chege, the matter is still pending on remand before the Immigration Judge "because the chief counsel claimed that they needed more time, because [the] assistant chief counsel familiar with the case was out of [the] office." [Id., ¶¶ 12, 13.] He also alleges hearings in his case have been rescheduled a number of times. [Id., ¶¶ 13, 14.]

## II.   DISCUSSION

Respondent has moved to dismiss on the grounds that Mr. Chege's order of removal is not yet administratively final. As Respondent points out, Mr. Chege asserts in his form petition that his detention is reviewable under *Zadvydas v. INS*, 533 U.S. 678, 121 S.Ct. 2491 (2001). Respondent also correctly observes that *Zadvydas* addressed detention following a final order of removal, and Mr. Chege concedes he does not have a final order of removal. Mr. Chege has not responded to the motion.

Mr. Chege is proceeding *pro se* and the Court therefore liberally construes his Petition notwithstanding his citation to authority that may not be applicable to his circumstances. Liberally construed, Mr. Chege's Petition challenges his continued detention, now approaching two years, pending removal proceedings. Though Respondent asserts Mr. Chege is "not entitled to relief at this time," that conclusion is not apparent from the face of the Petition. Without expressing an opinion on the merits of Mr. Chege's Petition, the Court notes that Respondent's position is at odds with a "growing consensus" that prolonged detention of [criminal aliens] raises serious constitutional

concerns." *Alli v. Decker*, 644 F.Supp.2d 535, 539 (M.D.Pa. 2009) (collecting cases).[2]

Furthermore, while it is true that detention during deportation proceedings is a constitutionally valid aspect of the deportation process, the United States Supreme Court has also indicated that such detention is expected to be brief. *See Demore v. Kim*, 538 U.S. 510, 513, 123 S.Ct. 1708, 1712 (2003). The Supreme Court observed in *Demore* that "removal proceedings are completed in an average time of 47 days and a median of 30 days." *Demore*, 538 U.S. at 529, 123 S.Ct. at 1721. When the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals, the appeal takes an average of four months. *Id.* Based in part on these statistics, the Supreme Court held that a period of detention of six months during the pendency of removal proceedings did not violate the alien's due process rights. Mr. Chege, however, has been detained for a period approaching two years.

## III.  RECOMMENDATION

The Court recommends that the *Motion to Dismiss without Prejudice* [Doc. 7], filed March 16, 2010, be denied.

_____
**DON J. SVET**
**United States Magistrate Judge**

---

[2]Though *Alli* involved a criminal alien, there is no indication that Mr. Chege is detained as a criminal alien. It appears, rather, that Mr. Chege is charged with overstaying a visa. [Doc. 3 at 17.]