IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIMON CHEGE MWANGI,

    Petitioner,

vs.                                                                                            Cause No.  1:10-cv-225 MV/DJS

RAY TERRY, Warden, Otero County
Processing Center,

    Respondent.

## ORDER APPOINTING FEDERAL PUBLIC DEFENDER

THIS MATTER is before the Court *sua sponte*.[1]  For the reasons stated below, the Court hereby appoints the Federal Public Defender to represent the Petitioner, and sets deadlines for briefing.

**I.      BACKGROUND**

Petitioner, who is proceeding *pro se* and *in forma pauperis*, filed a *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 3] on March 10, 2010.  The Petition alleges he is a native and citizen of Kenya, and that he is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chaparral, New Mexico. [Id., ¶¶ 1, 6.]  Petitioner seeks release from detention pending removal proceedings.

Petitioner has allegedly been in ICE custody continuously since November 6, 2008.  [Id., ¶ 6.] The Petition further alleges that an Immigration Judge ordered him removed on May 19, 2009, that he appealed the order to the Board of Immigration Appeals ("BIA"), and that the BIA vacated the removal order and remanded the matter to the Immigration Judge on September 24, 2009.  [Id., ¶¶ 11, 12.]

---

[1] By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 10], entered April 28, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.

On March 16, 2010, Respondent moved to dismiss the petition without prejudice on the grounds that Petitioner's order of removal was not administratively final. [Doc. 7.] The undersigned recommended the motion be denied; that recommendation is currently pending expiration of the objection period. [Doc. 13.] On August 11, 2010, Respondent moved for summary judgment on grounds not relied upon in the March 16 motion to dismiss. [Doc. 14.]

## II.   APPOINTMENT OF COUNSEL

Petitioner has been granted leave to proceed *in forma pauperis*. [Doc. 4.] Under 18 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." Furthermore, the Court has authority to appoint counsel for any financially eligible person seeking relief under section 2241 if the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B).

Petitioner has not requested appointment of counsel. However, the factors the Court would consider when evaluating such a request favor the appointment of counsel in this case. These factors include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

First, regarding the merits, the Court notes that Petitioner, though not apparently held as a criminal alien, has been detained for a period approaching two years. Although Respondent's motion for summary judgment indicates the issue of detention has been litigated, it is not clear from the record whether the procedural protections afforded Petitioner in this regard were sufficient. Accordingly, the Court cannot conclude at this time that the Petition is without merit.

Second, the nature of the factual allegations support the appointment of counsel. Petitioner's requests for bond allegedly were denied on the grounds that he admitted to participating in kidnapping and female genital mutilation when he lived in Kenya. The Court concludes that he should be aided

by counsel in responding to these allegations.

Third, Petitioner's ability to present his claims is hampered because he is detained. In opposing summary judgment, he may be required to respond with evidentiary materials that he likely will have difficulty compiling on his own while detained. Finally, the issues raised by the Petition and Respondent's motion for summary judgment are sufficiently complex and novel that assistance of counsel is necessary to ensure they are fairly presented.

Based on consideration of the above factors, the Court concludes that the interests of justice require the appointment of counsel in this case.

IT IS THEREFORE ORDERED that the Federal Public Defender is appointed to represent Petitioner in these proceedings;

IT IS FURTHER ORDERED that the Clerk of Court shall provide a copy of this Order to the Federal Public Defender;

IT IS FURTHER ORDERED that Petitioner shall respond to Respondent's motion for summary judgment [Doc. 14] no later than **September 7, 2010**. Respondent's reply shall be due within seven (7) days of service of the response.

_____
**DON J. SVET**
**United States Magistrate Judge**