IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIMON CHEGE MWANGI,

    Petitioner,

vs.                                      Cause No.  1:10-cv-225 MV/DJS

RAY TERRY, Warden, Otero County
Processing Center,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 10], entered April 28, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  For the reasons stated below, the Court concludes that jurisdiction is lacking, and therefore recommends that the *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 3] be **DISMISSED without prejudice**.

**I.**       **BACKGROUND**

Petitioner Simon Chege Mwangi has been in the custody of Immigration and Customs Enforcement ("ICE") continuously since November 6, 2008, pending the outcome of removal proceedings.  He petitions this Court under 28 U.S.C. § 2241 for a writ of habeas corpus to compel his release from detention.  Respondent's motion and the related briefing raise the issue of the Court's

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

jurisdiction.[2]

"[T]he intersection of immigration and habeas corpus marks an evolving and challenging area of the law." *Soberanes v. Comfort*, 388 F.3d 1305, 1312 (10th Cir. 2004). The question of jurisdiction over various aspects of immigration cases has arguably become increasingly thorny since the passage of the REAL ID Act of 2005. *See, e.g.*, *Alzainati v. Holder*, 568 F.3d 844, 847–51 (10th Cir. 2009) (distinguishing discretionary decisions subject to jurisdictional bar from constitutional questions that may be excepted from jurisdictional bar); *Lorenzo v. Mukasey*, 508 F.3d 1278 (10th Cir. 2007) (contrasting jurisdictional holdings pre- and post-REAL ID Act).

Nevertheless, the Court's first obligation and duty in every case is to satisfy itself as to its own jurisdiction. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). When reviewing a factual attack on subject matter jurisdiction, the court has wide discretion to consider documents outside the pleadings. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). In this case, the facts relevant to jurisdiction are largely undisputed, as set forth below.

### A. Removal proceedings

Petitioner has been held in detention while he resists efforts by the Department of Homeland Security ("DHS") to remove him from the United States back to his native Kenya. The record indicates that Petitioner entered the United States on a non-immigrant visa in 2004. He overstayed his visa, however, and allegedly undertook employment without the authorization of immigration officials. [Doc. 3 at 17.] Petitioner came to the attention of immigration officials when he was

---

[2]The briefing at issue is: Respondent's *Motion for Summary Judgment on Petition* [Doc. 14]; *Petitioner's Response to Respondent's Motion for Summary Judgment* [Doc. 18]; *Respondent's Reply to Petitioner's Response to Motion for Summary Judgment on Petition* [Doc. 19]; and *Petitioner's Surreply to Respondent's Reply to Petitioner's Response to Motion for Summary Judgment* [Doc. 21]. The Court hereby grants leave *nunc pro tunc* for the filing of a surreply. See D.N.M.LR-Civ 7.4(a).

arrested for an incident of alleged domestic violence.  After being taken into ICE custody, he appeared before an Immigration Judge ("IJ") on January 22, 2009, and conceded removability.  [Doc. 14-1 at 2.]  On May 19, 2009, the IJ issued a decision finding Petitioner removable.  [Id.]  In the same decision, the IJ considered Petitioner's application for asylum but found it untimely, having been filed only after he conceded removability.  [Id. at 8–9.]

In addition to conceding removability, Petitioner admitted that in Kenya he became a member of the Mungiki sect[3] and as such, participated in robbing, beating people, recruiting children to join the sect, and forcing women to undergo female genital mutilation.  The IJ found these activities constituted "acts of persecution" that rendered Petitioner ineligible either for asylum or for withholding of removability.  Accordingly, the IJ entered an Order of Removal.  [Doc. 14-1 at 18.]

Petitioner appealed to the Board of Immigration Appeals ("BIA").  On August 27, 2009, the BIA affirmed in most respects, but remanded the case to the IJ to reconsider Petitioner's request for protection under the Convention Against Torture ("CAT"), and specifically his claim that his alleged affiliation with the Mungiki sect would subject him to mistreatment by officials of the Kenyan government.  [Doc. 14-1 at 21–23.]

On May 12, 2010, after several continuances of the proceedings, the IJ issued an opinion finding Petitioner had not met his burden under the CAT, and that he was therefore not entitled to withholding of removability.  The latest information in the record is that the IJ's ruling is currently on appeal before the BIA.

**B.   Detention proceedings**

In addition to litigating Petitioner's legal right to remain in this country, immigration officials

---

[3]The Mungiki sect allegedly has the "overall intention...to eliminate the western style of life within the country of Kenya...[and is] devoted to punishing or harming individuals who appear to be living or leading a modern or western standard or style of life."  [Doc. 14-1 at 3–4.]

have considered whether he should continue to be detained while the matter of his removal is determined. On September 24, 2009, concurrently with a hearing on the CAT issue that was remanded to him by the BIA, the IJ heard the first of two requests from Petitioner to be released on bond. [Doc. 14-1 at 26–28.] The IJ denied the request based upon his finding that Petitioner was a danger to society given Petitioner's previous sworn testimony that in Kenya he had committed acts of assault against women. [Id.] The IJ advised Petitioner of his right to appeal the denial of bond. [Id.] There is no indication in the record that Petitioner exercised his right to appeal.

On April 15, 2010, about a month after initiating this habeas proceeding, Petitioner made a Motion for Bond Redetermination. [Doc. 19-1.] The IJ denied the motion that same day [Doc. 14-2 at 1] and subsequently issued a memorandum explaining the basis for the denial of bond [Doc. 19-1]. In his memorandum, the IJ noted Petitioner's arrest for domestic violence in this country, previous testimony admitting violence against women in Kenya, and the BIA's concurrence in his ruling that Petitioner had engaged in "persecutory acts" sufficient to bar him from withholding of removal. [Id.] Based on these factors, the IJ concluded that Petitioner "had not established that he was not a danger to other person or property, and was therefore subject to detention." [Id. at 1–2.] Petitioner appealed this second denial of bond; the BIA denied the appeal as untimely. [Doc. 14-2 at 23.]

## II.   DISCUSSION

Petitioner challenges the IJ's decision to deny his request for release on bond pending the outcome of removal proceedings. For the reasons stated below, the Court concludes that it is without jurisdiction to review the discretionary decision to deny bond and that this case should therefore be dismissed.

### A.   Jurisdiction-stripping provisions

Some aliens, such as those who have committed certain criminal offenses, are subject to

mandatory detention and the Attorney General ordinarily has no discretion but to hold such "criminal aliens" in custody pending the outcome of removal proceedings.  8 U.S.C. § 1226(c).  Petitioner, however, has not been classified as a "criminal alien" and is therefore eligible for release on bond at the agency's discretion.  Id. at § 1226(a).

Federal courts disagree on whether there is jurisdiction to review custody determinations under section 1226(a).  *Compare Casas-Castrillon v. Dept. of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008) (assuming jurisdiction over challenge to prolonged detention deemed to be authorized under section 1226(a)), *and Constant v. Holder*, 352 F.App'x 692 (3rd Cir. 2009) (unpublished) (assuming jurisdiction over habeas challenge to prolonged detention under section 1226(a)), *with United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 & n.3 (11th Cir. 2008) (stating that district court lacked authority to review IJ's discretionary bond determinations), *and Loa-Herrera v. Trominski*, 231 F.3d 984, 990–91 (5th Cir. 2000) (holding that Congress "has denied the district court jurisdiction to adjudicate deprivations of [aliens'] statutory and constitutional rights to parole"); *but see Oyelude v. Chertoff*, 125 F.App'x 543, 546 (5th Cir. 2005) (unpublished) (stating that while 1226(e) may strip court of jurisdiction to review discretionary determinations, it does not deprive court of "all authority to review statutory and constitutional challenges").

The Tenth Circuit has yet to consider the question.  However, the handful of district courts in this circuit to have considered the issue consistently determine that they lack habeas jurisdiction over section 1226(a) detentions.  *Ammi v. Longshore*, 09-cv-1670 BNB, 2009 WL 2588715 (D. Colo Aug. 21, 2009); *Cohen v. Mukasey*, 08-cv-1844 LTB-CBS, 2009 WL 1766843 (D. Colo June 22, 2009), *vacated in part by Cohen Ma v. Hunt*, 372 F.App'x 850 (10th Cir. 2010)(finding appeal rendered moot by petitioner's release from ICE custody); *Mutebi v. Mukasey*, 07-cv-2654 REB-KLM, 2008 WL 4297035, *5–*6 (D. Colo Sept. 11, 2008).  This Court aligns with the other courts in this circuit and

concludes it is without jurisdiction.

The analysis begins with section 1226(e), which states:

(e)     Judicial Review

The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Thus, in conferring on the Attorney General discretionary authority to make bond determinations, Congress has divested courts of jurisdiction to review such determinations.

To the extent there is any doubt that this jurisdiction-stripping provision encompasses habeas review, section 1252(a)(5) states, in part:

For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). This would appear to constitute a "particularly clear statement" of Congressional intent to bar habeas review. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Congress has further dictated that discretionary decisions, the authority for which is specified in subchapter II of 8 U.S.C.A Chapter 12, are not reviewable on habeas "regardless of whether the judgment, decision, or action is made in removal proceedings[.]"[4]

---

[4] 8 U.S.C. § 1252(a)(2)(B)(ii) states:

(B)     Denials of discretionary relief

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D)[vesting jurisdiction in the courts of appeal to hear petitions for review], and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security

Based on these provisions, the Court concludes that Congress has expressly removed jurisdiction to review the agency's discretionary decisions to deny bond under 8 U.S.C. § 1226(a).

## B.     Application to this case

The Petition, filed when Petitioner was *pro se*[5], challenges the IJ's decision to deny him release on bond while he appealed the IJ's removal order.  At the time he filed his Petition with this Court on March 10, 2010, the agency had already exercised its discretion once to deny Petitioner's request for bond.  The agency exercised its discretion a second time while this habeas action was pending.

As discussed above, a decision to deny bond constitutes an exercise of discretion that is not reviewable on habeas or otherwise.  The Petition, which was prepared on a form application, relies primarily on *Zadvydas v. Davis*, 533 U.S. 678 (2001).  That case does not govern here, however, because it applies to detention of aliens who are subject to a final order of removal, not aliens who, like Petitioner, are in removal proceedings.  *Demore*, 538 U.S. at 527.

This case is also unlike those where the petitioner is detained as a "criminal alien" under section 1226(c).  Detention under section 1226(c) is mandatory and, except in limited circumstances, does not involve an exercise of discretion.  *Cf. Demore*, 538 U.S. at 516–17 (holding that section 1226(e) did not strip court of habeas jurisdiction where alien was not challenging discretionary determination). Furthermore, unlike the alien in *Demore*, where the Supreme Court found jurisdiction, Petitioner here does not challenge the statutory framework authorizing his detention.

Petitioner, through appointed counsel, agrees that the Court lacks jurisdiction to review

---

the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section1158(a) [relating to applications for asylum] of this title.

8 U.S.C. § 1252(a)(2)(B)(ii)

[5]The Court appointed counsel to represent Petitioner after Respondent filed a motion for summary judgment.  [Doc. 15 - Order Appointing Federal Public Defender.]

7

discretionary decisions, but argues that the "unreasonable length of his detention violates his right to substantive due process." [Doc. 21 at 2.] It is far from clear, however, that courts retain jurisdiction to adjudicate a discretionary decision to detain an alien pending the outcome of removal proceedings, even if the challenge is characterized as a violation of substantive due process.  Furthermore, even when courts exercise jurisdiction, the remedy afforded, if any, is a bond hearing before an IJ. Petitioner has already had two bond determinations.

Finally, even if the Court were to conclude that jurisdiction had not been stripped, it is not persuaded that a detention of two years' duration raises a constitutional question where, as here, the Petitioner has been afforded a bond determination.  Though a two-year civil confinement is troubling, the Court has been unable to find any authority to support the proposition that the length of detention alone is sufficient to state a substantive due process claim.

To the contrary, detentions substantially longer than Petitioner's have been held to comport with due process so long as the alien receives a bond hearing. *See Casas-Castrillon*, 535 F.3d 942 (alien detained for seven years entitled to a bond hearing before an IJ to determine if he is a flight risk or danger to the community); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (alien denied bond and detained for more than three years held not entitled to habeas relief); *Agyeman v. INS*, 74 F.App'x 691 (9th Cir. 2003) (unpublished) (holding six-year detention did not violate alien's substantive due process rights).

Further supporting the Court's conclusion that Petitioner has not raised a constitutional claim is that his detention, though prolonged, is not indefinite.  Unlike the aliens in *Zadvydas* who were stuck in a "removable but unremovable limbo" because their destination countries would not accept them, and who therefore faced indefinite and potentially permanent detention, the proceedings in Petitioner's case will conclude in the foreseeable future.  Though his detention lacks a precise end

date, this uncertainty alone does not render his detention constitutionally problematic. *See Prieto-Romero*, 534 F.3d at 1062. The conclusion of removal proceedings is forthcoming in the foreseeable future. It appears that most of the issues regarding his removal have been resolved, and the final issue (the CAT claim) has been determined by the IJ and is pending before the BIA. There is no indication the government will not be able to promptly remove him in the event his appeals fail.

Furthermore, his detention is not arbitrary, but ostensibly serves a purpose: it ensures he is present for removal if his appeal fails, and it protects the community from the danger the IJ has determined he may pose.[6] Thus, assuming *arguendo* that jurisdiction had not been removed, the Court would decline to recommend the writ be granted. *See Constant v. Holder*, 352 F.App'x 692 (3rd Cir. 2009) (holding that alien was not entitled to habeas relief where conclusion of removal proceedings was reasonably foreseeable); *Makaj v. Crowther*, 294 F.App'x 328 (9th Cir. 2008) (unpublished) (alien detained for three years held not entitled to habeas relief where he faced a significant likelihood of removal upon completion of administrative and judicial review).

### C.     Petitioner's purported failure to exhaust

Respondent argues that the Court is prevented from granting relief because Petitioner has failed to take advantage of his administrative remedies—specifically, that he failed to timely appeal the second bond denial. [Doc. 14 at 4.] Petitioner argues alternatively: (1) the exhaustion requirement is not applicable where, as here, he purports to assert a constitutional claim; (2) exhaustion should be excused because of the extraordinary length of detention; and (3) the exhaustion requirement should be deemed satisfied, fulfilled, or futile. [Doc. 18 at 3–4.]

---

[6]The Court expresses no opinion on whether Petitioner actually poses a flight risk or a danger to the community. These are discretionary decisions the Court lacks authority to review. The Court merely notes that the decision to detain Petitioner ostensibly serves a purpose, in contrast to the petitioners in *Zadvydas* whose continued detention became constitutionally problematic and served no purpose if their removal was no longer reasonably foreseeable. *Zadvydas*, 533 U.S. at 699.

9

Given the Court's conclusion that it is without jurisdiction over the agency's discretionary decision to deny bond, it need not consider the issue of exhaustion.

### III.     RECOMMENDATION

The Court recommends that the *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 3] be **DISMISSED without prejudice**.

_____
**DON J. SVET**
**United States Magistrate Judge**